UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Lamb, #186788, *a/k/a Charles Willis Lamb*, | ) C/A No. 8:09-1231-CMC-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Department of Corrections, | ) |
| Defendant. | ) |

### Introduction

Charles Lamb (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is incarcerated at Lieber Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. In his complaint, Plaintiff alleges that the Department of Corrections (Defendant) refused to order a cast for Plaintiff's broken right hand after they had knowledge that it was broken and they failed to provide Plaintiff with pain medicine. Plaintiff seeks monetary damages. This action should be dismissed for failure to state a claim on which relief may be granted and based upon Eleventh Amendment immunity.

### *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents:

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, this court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per*

2

*curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

This appears to be the eleventh case filed by this prisoner in this court since August of 2008, containing similar factual allegations about Plaintiff's un-casted broken hand.[2] This court may take judicial notice of Plaintiff's litigation history and of the contents of his various filings with the court. *Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296

---

[2] *See* Civil Action Numbers 8:09-964 (against "Department of Corrections and John Doe Medical Agency"); 8:09-726 (against "Kirkland Correctional Institution Doctor"); 8:09-478 (against "Dr. Daniels Williams, Kirkland Correctional Institution Medical Staff Doctor"); 8:09-477 (against " Mrs. Ruefly Landon, X-Ray Nurse, Kirkland Correctional Institution Medical Staff"); 8:09-322 (against "John Does, X-ray people them, at Kirkland Correctional Institution" and "South Carolina Department of Corrections"); 8:09-105 (against "Kirkland Correctional Institution Medical Agency"); 8:08-3732 (against "Department of Corrections"); 8:08-3685 (against "Department of Corrections"); 8:08-3558 (against "Kirkland CI Medical Staff"); 8:08-2805 (against "Department of Corrections," Lieber Corr Institution," "John Does, Medical Center people them," and "John Does, Medical Staff people them at Lieber").

(5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records'").

Service of process on one of the named defendants was authorized in Plaintiff's first case regarding his allegedly un-casted broken hand in Civil Action No. 8:08-2805. However, the case was ultimately dismissed with prejudice for Plaintiff's failure to prosecute. *See* Civil Action No. 8:08-2805 (Docket Entry # 21, filed on Feb. 25, 2009). Eight additional cases (Civil Action Numbers: 8:08-3558, 8:08-3685, 8:08-3732, 8:09-105, 8:09-322, 8:09-477, 8:09-478, and 8:09-726) have been recommended for summary dismissal without prejudice prior to service of process. The Report and Recommendations in Civil Action Numbers 8:08-3558, 8:09-105, 8:09-322 , 8:09-477, 8:09-478, and 8:09-726 indicated that the facts of Plaintiff's respective complaints regarding his broken hand failed to state a federal constitutional claim of deliberate indifference to medical needs.

In the present case, Plaintiff sues the Department of Corrections. In one place, he lists the "Department of Corrections, Owner" as the defendant. (Compl. at 2.) Plaintiff alleges that an X-ray was taken which showed that his right hand was broken but that Defendant refused to send him to a hospital to "get his right hand check out." Plaintiff also alleges that Defendant refused to put a cast on his hand and that they refused to order Tylenol Three pain medicine for him.

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443

4

U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707.  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Because it is well settled that only "persons" may act under color of state law, a defendant in a § 1983 action must qualify as a "person."  The defendant "Department of Corrections" is a department, group of buildings, or a facility.  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law.  *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  Therefore, this complaint should be dismissed for failure to state a claim on which relief may be granted.

Additionally, to the extent that Plaintiff brings suit against the owner of the Department of Corrections, it appears that Plaintiff is suing the State of South Carolina. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department.  The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity,

commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *E.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst State Sch. & Hosp.*, a state must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). It is clear that the Department of Corrections is an agency of the State of South Carolina and functions as an arm of the state. *Belcher*, 460 F. Supp. at 809. Therefore, the defendant should be dismissed without prejudice based upon Eleventh Amendment immunity.

## Recommendation

This court recommends that the District Judge dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process. *See*

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **The plaintiff's attention is directed to the important notice on the next page.**

                                                             s/Bruce Howe Hendricks
                                                             United States Magistrate Judge

May 18, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).